**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

EASTERN                District of    New York
                                      (State)

Case number (*If known*): _____    Chapter  11

☐ Check if this is an
   amended filing

2024 SEP -5  A 9: 32

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**                  FRALEG KUSCIUSZKO CORP

2. **All other names debtor used
   in the last 8 years**

   Include any assumed names,
   trade names, and *doing business
   as* names

3. **Debtor's federal Employer
   Identification Number (EIN)**      8  7 _ 3  1  1  8  8  0  9

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 45  Main Street  Suite 518 | |
| Number     Street | Number     Street |
| | P.O. Box |
| Brooklyn          NY       11201 | |
| City          State       ZIP Code | City          State       ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Kings | |
| County | Number     Street |
| | |
| | City          State       ZIP Code |

5. **Debtor's website (URL)**

Debtor     FRALEG KUSCIUSZKO CORP _____     Case number *(if known)* _____
                    Name

| | |
|---|---|
| **6. Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding LLP) |
| | ☐ Other. Specify: _____ |

**7. Describe debtor's business**

*A. Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

*B. Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

*C.* NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5   3   1   3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____  When _____  Case number _____
                                        MM / DD / YYYY

         District _____  When _____  Case number _____
                                        MM / DD / YYYY

Debtor    FRALEEG KUSKIUSZKO CORP _____    Case number (if known)_____
          Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.  Debtor _____    Relationship _____

District _____    When _____    MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this* district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
Number        Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☒ Yes. Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 3

Debtor  **FRALEG KUSCIUSZKO CORP**
_____     Case number (if known)_____
        Name

| 15. **Estimated assets** | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/05/2024
          MM / DD / YYYY

X _____     Andy Alege
Signature of authorized representative of debtor     Printed name

Title  President

18. **Signature of attorney**   X _____     Date _____
                              Signature of attorney for debtor     MM / DD / YYYY

Printed name _____

Firm name _____

Number    Street _____

City _____ State _____ ZIP Code _____

Contact phone _____ Email address _____

Bar number _____ State _____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** F R A L E G  K O S C I U S Z K O  C O R P          **CASE NO.:** _____

     Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☉ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

☐ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____

CASE STILL PENDING: (YES/NO): _____ *[If closed]* Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES: _____

_____

2. CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____

CASE STILL PENDING: (YES/NO): _____ *[If closed]* Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES: _____

_____

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**


3.  CASE NO.: _____  JUDGE: _____  DISTRICT/DIVISION: _____

CASE STILL PENDING: (YES/NO): _____  *[If closed]* Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*:_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES: _____

_____


NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.


TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N):  Y_____

CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

_____
Signature of Pro-se Debtor/Petitioner

45 Main Street Suite 518
_____
**Mailing Address of Debtor/Petitioner**

Brooklyn New York 11201
_____
**City, State, Zip Code**

fralegkosciuszkocorp@gmail.com
_____
**Email Address**

_____
**Area Code and Telephone Number**


Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

<u>NOTE:</u> Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

☐ _____ X

Chapter 11

Case No: _____

IN RE: FRALEG KOSCIUSZKO CORP

Debtor

☐ _____ X

## VERIFICATION OF CREDITOR MATRIX / LIST OF CREDITORS

The undersigned Debtor hereby verifies that the Creditor Matrix/List of Creditors herein submitted herein is true and correct to the best of his or her knowledge.

Dated: September 5,, 2024

Fraleg Kosciuszko Corp (Debtor)

By: _____ Andy Alege
Title:    President

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11

☐_____ X

Case No: _____

IN RE: FRALEG KOSCIUSZKO  CORP

Debtor

☐_____ X

LIST OF CREDITORS

1. GITSIT SOLUTIONS, LLC
   333 South Anita Drive Suite 400
   Orange, CA. 92868

2: RAINEER FAMILY GROUP, LLC
   82 Bowery
   New York NY 10013

CREDITOR MATRIX

1.  GITSIT SOLUTIONS, LLC
    333 South Anita Dr. Suite 400
    Orange CA, 92868

2.  RAINER FAMILY GROUP, LLC
    82 Bowery
    New York. 10013

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name __FRALEG KUSCIUSZKO CORP__

United States Bankruptcy Court for the: __Eastern__ District of __New York__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/05/2024__
MM / DD / YYYY

**x** _____
Signature of individual signing on behalf of debtor

__Andy Alege__
Printed name

__President__
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11

☐ _____ X

Case No: _____

IN RE: FRALEG KOSCIUSZKO CORP

Debtor

☐ _____ X

## CORPORATE DISCLOSURE STATEMENT
## PURSUANT TO E.D.N.Y LBR 1073-3

I, Ronald Fraser, under penalty of perjury state as follows:

1.     I am the President of the Debtor in the above captioned matter.

2.     There are no corporate entities that own, directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.     I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: September 5, 2024

Andy Alege
President
FRALEG KOSCIUSZKO CORP    (Debtor)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

□ _____ X

Chapter 11

Case No: _____

IN RE: FRALEG KOSCIUSZKO CORP

Debtor

□ _____ X

CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FEDERAL BANKRUPTCY RULES 1007 (a)(1)

I, Ronald Fraser, under penalty of perjury state as follows:

1.    I am the President of the Debtor in the above captioned matter.

2.    There are no corporate entities that own directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.    I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: September 5, 2024

Andy Alege
President

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

Chapter 11

IN RE: FRALEG KOSCIUSZKO CORP                      Case No: _____

.

Debtor
_____X

### CORPORATE RESOLUTION TO FILE CHAPTER 11

Whereas, it is in the best interest of the FRALEG KOSCIUSZKO CORP., (the "Company") to file a voluntary petition in the United States Bankruptcy Court pursuant to chapter 11 of Title 11 of the United states Code;

Be it Therefore Resolved, that Andy Alege, President of the company is authorized and directed to execute and deliver all documents necessary to complete the filing of a chapter 11 voluntary bankruptcy case on behalf of the Company; and

Be It Further Resolved, that Andy Alege, President of the Company, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy case; and

Dated: September 5, 2024

_____
Anay Alege. President

**Fill in this information to identify the case:**

Debtor name ___FRALEG KUSCIUSZKO CORP___

United States Bankruptcy Court for the: ___Eastern___ District of ___New York___
                                                                      (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | NONE | NONE | NONE | NONE | | | |
| 2 | NONE | NONE | NONE | NONE | | | |
| 3 | NONE | NONE | NONE | NONE | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor   FRALEG KUSCIUSZKO CORP _____          Case number (if known)_____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

**FAALEG KUSCIUSZKO CORP**

| Fill in this information to identify the case: |
|---|

Debtor name ____FRALEG KUSCIUSZKO CORP_____

United States Bankruptcy Court for the:__Eastern_____ District of __New York__
                                                                                    (State)

Case number (If known): _____

☐ Check if this is an
     amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**                     Current value of debtor's
                                                                                                                              interest

2. **Cash on hand**                                                                                               $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)       Type of account            Last 4 digits of account number

   3.1. _____       _____       ___ ___ ___ ___       $_____
   3.2. _____       _____       ___ ___ ___ ___       $_____

4. **Other cash equivalents** *(Identify all)*

   4.1. _____       $_____
   4.2. _____       $_____

5. **Total of Part 1**                                                                                           $_____

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

                                                                                                                Current value of
                                                                                                                debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____       $_____
   7.2. _____       $_____

| Debtor | FRALEG KUSCIUSZKO CORP | Case number (if known) |
|---|---|---|
| | Name | |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. _____ $_____

8.2. _____ $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.  $_____

---

### Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☐ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

                                                                        Current value of debtor's
                                                                        interest

11. **Accounts receivable**

    11a. 90 days old or less:  _____ – _____ = .......➔   $_____
                                face amount          doubtful or uncollectible accounts

    11b. Over 90 days old:  _____ – _____ = .......➔   $_____
                              face amount          doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.  $_____

---

### Part 4: Investments

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

                                                        Valuation method          Current value of debtor's
                                                        used for current value     interest

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____  _____   $_____

    14.2. _____  _____   $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                  % of ownership:

    15.1. _____  _____%  _____   $_____

    15.2. _____  _____%  _____   $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. _____  _____   $_____

    16.2. _____  _____   $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.  $_____

---

Debtor    **FRALEG KUSCIUSZKO CORP**
_____
      Name

Case number (*if known*)_____

---

18. **Does the debtor own any inventory (excluding agriculture assets)?**

   ☑ No. Go to Part 6.

   ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

_____    MM / DD / YYYY    $_____    _____    $_____

20. **Work in progress**

_____    MM / DD / YYYY    $_____    _____    $_____

21. **Finished goods, including goods held for resale**

_____    MM / DD / YYYY    $_____    _____    $_____

22. **Other inventory or supplies**

_____    MM / DD / YYYY    $_____    _____    $_____

23. **Total of Part 5**

   Add lines 19 through 22. Copy the total to line 84.

                                                                                                                                                                     $_____

24. **Is any of the property listed in Part 5 perishable?**

   ☐ No

   ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

   ☐ No

   ☐ Yes. Book value _____    Valuation method_____    Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

---

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ☑ No. Go to Part 7.

   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops—either planted or harvested**

_____    $_____    _____    $_____

29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish

_____    $_____    _____    $_____

30. **Farm machinery and equipment**  (Other than titled motor vehicles)

_____    $_____    _____    $_____

31. **Farm and fishing supplies, chemicals, and feed**

_____    $_____    _____    $_____

32. **Other farming and fishing-related property not already listed in Part 6**

_____    $_____    _____    $_____

---

Debtor  **FALEG KUSCIUSZKO CORP**
_____
Name

Case number *(if known)*_____

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____  Valuation method _____  Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
| --- | --- |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor | FRALEG KUSCIUSZKO CORP | Case number (if known) |
|--------|------------------------|------------------------|
|        | Name                   |                        |

---

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ☑ No. Go to Part 9.

    ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

    $ _____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No

    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

Debtor    FRALEG KUSCIUSZKO CORP
_____    Case number (if known)_____
          Name

## Part 9:    Real property

54.  **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Two Family Residence | Fee | $_____ | Appraisal Report | $2,000,000.00 |
| 55.2_____ | _____ | $_____ | _____ | $_____ |
| 55.3_____ | _____ | $_____ | _____ | $_____ |
| 55.4_____ | _____ | $_____ | _____ | $_____ |
| 55.5_____ | _____ | $_____ | _____ | $_____ |
| 55.6_____ | _____ | $_____ | _____ | $_____ |

56.  **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$2,000,000.00

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:    Intangibles and intellectual property

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61.  **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62.  **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63.  **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64.  **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65.  **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66.  **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor    FRALEG KUSCIUSZKO CORP _____        Case number *(if known)*_____
          Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

   ☑ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

   ☑ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

   ☑ No
   ☐ Yes

---

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**

   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☑ No. Go to Part 12.
   ☐ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**

   Description (include name of obligor)

   _____  _____ − _____ = ➡  $_____
                                Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

   Description (for example, federal, state, local)

   _____        Tax year _____   $_____
   _____        Tax year _____   $_____
   _____        Tax year _____   $_____

73. **Interests in insurance policies or annuities**

   _____                                $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

   _____                                $_____

   Nature of claim      _____
   Amount requested     $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

   _____                                $_____

   Nature of claim      _____
   Amount requested     $_____

76. **Trusts, equitable or future interests in property**

   _____                                $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

   _____                                $_____
   _____                                $_____

78. **Total of Part 11.**

   Add lines 71 through 77. Copy the total to line 90.                        $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

   ☐ No
   ☐ Yes

| Debtor | FRALEG KUSCIUSZKO CORP | Case number (*if known*) _____ |
| | Name | |

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1.* | $ -0.00- | |
| 81. Deposits and prepayments. *Copy line 9, Part 2.* | $ -0.00- | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $ -0.00 | |
| 83. Investments. *Copy line 17, Part 4.* | $ _____ | |
| 84. Inventory. *Copy line 23, Part 5.* | $ -0.00- | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $ -0.00- | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $ -0.00- | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $ -0.00- | |
| 88. Real property. *Copy line 56, Part 9.* ................................................ ➔ | | $ 2,000,000.00 |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | $ -0.00 | |
| 90. All other assets. *Copy line 78, Part 11.* | + $ -0.00- | |
| 91. **Total.** Add lines 80 through 90 for each column. ............................ 91a. | $ -0.00 | + 91b. $ 2,000,000.00 |

| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ................................................................. | $ 2,000,000.00 |

Type text here

**Fill in this information to identify the case:**

Debtor name  FRALEG KUSCIUSZKO CORP

United States Bankruptcy Court for the:  Eastern _____ District of  New York
                                                                      (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property            12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  |  | **Column A**<br>**Amount of claim**<br>Do not deduct the value of collateral. | **Column B**<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- |

**2.1** Creditor's name
GITSIT SOLUTIONS, LLC

Describe debtor's property that is subject to a lien
181 kosciuszko Street                    $ 1450000     $ 2,000,000.00

Creditor's mailing address
333 South Anita Drive Suite 400
Orange, CA. 02868

Describe the lien
_____

Creditor's email address, if known
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

Date debt was incurred   12/2023

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number   ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____
_____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2** Creditor's name
RAINER FAMILY GROUP, LLC

Describe debtor's property that is subject to a lien
181 kosciuszko Street                    $ 390,000.00     $ 2,000,000.00

Creditor's mailing address
82 Bowery
New York NY 10013

Describe the lien
_____

Creditor's email address, if known
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

Date debt was incurred

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number   ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $ _____

| Debtor | FRALEG KUSCIUSZKO CORP | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

| **Part 1:** | **Additional Page** | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2._ Creditor's name**

**Describe debtor's property that is subject to a lien**

_____ $_____  $_____

**Creditor's mailing address**

_____

_____

**Describe the lien**

_____

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

    _____
    _____
    _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2._ Creditor's name**

**Describe debtor's property that is subject to a lien**

_____ $_____  $_____

**Creditor's mailing address**

_____

_____

**Describe the lien**

_____

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

    _____
    _____
    _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

| Debtor | FRALEG KUSCIUSZKO CORP | Case number (if known) |
|---|---|---|
| | Name | |

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for FRALEG KUSCIUSZKO CORP., File Number 211015001204 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on October 15, 2021.

Brendan C. Hughes
Executive Deputy Secretary of State

Authentication Number: 100000495760 To Verify the authenticity of this document you may access the Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

## CERTIFICATE OF INCORPORATION
### OF
### FRALEG KUSCIUSZKO CORP.
Under Section 402 of the Business Corporation Law

FIRST:     The Name of the corporation is: **FRALEG KUSCIUSZKO CORP.**

SECOND:     This corporation is formed to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law, provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

THIRD:     The county, within this state, in which the office of the corporation is to be located is **KINGS**

FOURTH:     The total number and value of shares of common stock which the corporation shall have authority to issue is **200 SHARES WITH NO PAR VALUE**

FIFTH:     The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the corporation served upon him or her is:
VCORP SERVICES, LLC
25 ROBERT PITT DRIVE
SUITE 204
MONSEY, NY 10952

SIXTH:     Existence of the corporation shall begin **upon filing of this Certificate of Incorporation with the Department of State.**

I certify that I have read the above statements, I am authorized to sign this Certificate of Incorporation, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

ANDY ALEGE (Signature)

-----------------------------------------------------

ANDY ALEGE, INCORPORATOR
45 MAIN STREET SUITE 518
BROOKLYN, NY 11201ANDY

Filed by:

ANDY ALEGE

Filed with the NYS Department of State on 10/15/2021
Filing Number: 211015001204 DOS ID: 6304156

45 MAIN STREET SUITE 518
BROOKLYN NY, NY 11201

Filed with the NYS Department of State on 10/15/2021
Filing Number: 211015001204 DOS ID: 6304156

# NEW YORK STATE DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS, STATE RECORDS AND UNIFORM COMMERCIAL CODE
## FILING RECEIPT

| | |
|---|---|
| **ENTITY NAME :** | FRALEG KUSCIUSZKO CORP. |
| **DOCUMENT TYPE :** | CERTIFICATE OF INCORPORATION |
| **ENTITY TYPE :** | DOMESTIC BUSINESS CORPORATION |



| | |
|---|---|
| **DOS ID :** | 6304156 |
| **FILE DATE :** | 10/15/2021 |
| **FILE NUMBER :** | 211015001204 |
| **TRANSACTION NUMBER :** | 202110150001453-281785 |
| **EXISTENCE DATE :** | 10/15/2021 |
| **DURATION/DISSOLUTION :** | PERPETUAL |
| **COUNTY :** | KINGS |

| | |
|---|---|
| **SERVICE OF PROCESS ADDRESS :** | VCORP SERVICES, LLC<br>25 ROBERT PITT DRIVE, SUITE 204<br>MONSEY, NY, 10952, USA |
| **FILER :** | ANDY ALEGE<br>45 MAIN STREET SUITE 518,<br>BROOKLYN NY, NY, 11201, USA |

*You may verfiy this document online at :*  http://ecorp.dos.ny.gov
**AUTHENTICATION NUMBER :**  100000495759

| | | | |
|---|---|---|---|
| TOTAL FEES: | $135.00 | TOTAL PAYMENTS RECEIVED: | $135.00 |
| FILING FEE: | $125.00 | CASH: | $0.00 |
| CERTIFICATE OF STATUS: | $0.00 | CHECK/MONEY ORDER: | $0.00 |
| CERTIFIED COPY: | $10.00 | CREDIT CARD: | $135.00 |
| COPY REQUEST: | $0.00 | DRAWDOWN ACCOUNT: | $0.00 |
| EXPEDITED HANDLING: | $0.00 | REFUND DUE: | $0.00 |

## Shareholder Agreement

This AGREEMENT is made and entered into as of Feb 08,2023, by and among: Andy Alege with address located at 45 Main Street Suite 518 Brooklyn NY 11201.(referred to collectively as "Shareholders" and individually as "Shareholder"), and Fraleg  Herkimer  Inc, a New York Entity with official business address located at 45 Main Street Suite 518  Brooklyn NY 11201.

## RECITALS

The Shareholders are all the shareholders of  FRALEG KOSCIUSZKO CORP . ("the

INCORPORATION"), a New York Inc CORPORATION.

The Shareholders believe it is in their best interest to unanimously agree to terms below related to the operation, management and control of the INCORPORATION in order to achieve harmonious balance and direction.

## AGREEMENT

In consideration of the agreements herein contained, the Shareholders agree as follows.

## 1. Shares Subject to This Agreement.

Each of the Shareholders owns the number of shares of common stock listed below:

ANDY ALEGE   ·   100%

The shares listed above constitute all of the issued and outstanding capital stock of the INCORPORATION. The INCORPORATION acknowledges receipt from each Shareholder of the full consideration for the respective shares purchased by said Shareholder, and each Shareholder acknowledges receipt of certificates representing his or her shares. All of the shares listed above and any additional shares of the capital stock of the INCORPORATION that may be acquired by the Shareholders in the future shall be subject to this Agreement.

## 2. Management and Control.

a. *Board of Directors*. Subject to Section 1, during the term of this Agreement the Board of Directors of the INCORPORATION shall consist of all of the Shareholders, and annual or other elections of directors are waived. The INCORPORATION shall be managed and controlled in accordance with this Agreement. Neither the Board nor the Shareholders shall be required to hold annual, regular, or special meetings, and any action or decision made by the Board or the Shareholders may be evidenced by any writing executed by the requisite number of Shareholders as specified in this Agreement, or otherwise as the Shareholders may agree in writing. Each Shareholder, as a member of the Board, however, agrees as such to consent to or vote in favor of any resolutions as may be required by persons with whom the INCORPORATION may have business dealings, such as, but not limited to, financial institutions and governmental agencies, to evidence corporate approvals or authorizations. Any Shareholder may authorize any other Shareholder to represent or act as proxy for the former at any meeting according to the written instructions, general or specific, of the authorizing Shareholder.

b. *Managing Shareholder*. Except as set forth in this Section, Andy Alege , or his/her duly appointed successor, (the "Managing Shareholder") shall manage, control, and operate the business and affairs of the INCORPORATION as President and General Manager without any further action or approval by the Shareholders or the Board. The Managing Shareholder may be changed from time to time with the Consent of the Shareholders subject to the terms of any employment agreement between the INCORPORATION and the Managing Shareholder. The Managing Shareholder shall not have the power or authority, without the Consent of the Shareholders to:

_____

c. *Books, Records, and Reports*. The Managing Shareholder shall cause the Board to maintain the books, records, and other documents required by the Law. Notwithstanding any waiver thereof contained in the Bylaws of the Board, the Managing Shareholder shall cause the Board to furnish to the Shareholders an annual audited report.

d. *Conduct of Business*. The Managing Shareholder agrees to use the Shareholder's best efforts to cause the business of the INCORPORATION to be conducted in accordance with sound business practices, in a lawful manner, and to endeavor to preserve for the INCORPORATION the goodwill of its suppliers, customers, employees, and others having business relations with it.

e. *Shareholder Meetings*. There shall be no regular meetings of Shareholders of the INCORPORATION.

f. *Employment of Shareholders*. The Shareholders shall hold the following offices of the INCORPORATION, so long as they hold shares of stock of the INCORPORATION, are active in the business of the INCORPORATION and are able to perform their duties and responsibilities:

**President:** Andy Alege

g. *Termination of an Officer*. Any Shareholder may be terminated, by action of the Shareholders, as an officer, director, or employee of the INCORPORATION as provided in this Section. Termination shall become effective on the adoption by all of the other Shareholders, holding at least 100% of the aggregate shares of the INCORPORATION, at a meeting duly held after 30 days' written notice has been given to the Shareholders, of a written resolution finding that the Shareholder has:

- Failed to fulfill their responsibilities or duties as an Officer
- Engaged in misconduct or a willful breach of this Agreement
- Ceases to hold shares in INCORPORATION
- Convicted by any court of any offense punishable as a felony
- Makes an assignment or agreement for the benefit of INCORPORATIONs creditors

In the event of any such termination, the terminated Shareholder agrees to sell to the INCORPORATION, and the INCORPORATION agrees to purchase, in proportion to the shares of the INCORPORATION then owned by them, the shares of the INCORPORATION then owned by the terminated Shareholder at a purchase price of $0.10 per share or $5,000, whichever is less. The purchased share shall then be distributed amongst the remaining Shareholders on a pro rata basis according to the percentage of the aggregate shares already owned by each remaining Shareholder. The terminated Shareholder shall be entitled to receive salary from the INCORPORATION only for the period ending on the date of termination.

h. *Voting of Shares*. Each Shareholder shall vote or cause to be voted the shares of capital stock of the INCORPORATION held for record or owned beneficially by the Shareholder in such a manner as will carry out the intents and purposes of, and effectuate and implement all of the covenants and agreements in this Agreement.

## 3. Distributions.

a. *Determination of Net Income or Loss.* For the purposes of this Agreement, the net income or loss of the INCORPORATION for any accounting period shall be its gross income less the INCORPORATIONs expenses during that period, determined on an accrual basis in accordance with generally accepted accounting principles. Gross income shall include, but shall not be limited to, amounts received upon or in respect of investments of the INCORPORATION, gains realized upon the sale or disposition of any property, and any other income received by the INCORPORATION. Expenses shall include, but shall not be limited to, the expenses of conducting the business, salaries, interest on any loans or borrowings by the INCORPORATION including any loans or advances to the INCORPORATION by any Shareholder, taxes and assessments assessed to the INCORPORATION or levied upon its properties and payable by it, depreciation of and losses on the INCORPORATION 's property (using any method of depreciation the Managing Shareholder deems appropriate), bad debts and contingencies for which reserves should properly be established, and any and all other expenses incidental to the conduct of the business of the INCORPORATION.

b. *Regular Distributions of Net Income.* Unless the Managing Shareholder shall determine in good faith that the INCORPORATION reasonably needs to retain the same to meet its obligations or to maintain a sound financial condition in light of the INCORPORATION 's reasonable financial needs, the net income of the INCORPORATION in excess of $200,000.00 shall be distributed by the INCORPORATION annual proportionate to the percentage of shares owned by each Shareholder.

## 4. Dissolution.

a. *Restrictions on Voluntary Dissolution.* The Consent of the Shareholders shall be required to approve the voluntary dissolution of the INCORPORATION and each Shareholder waives any right to the taking of that action by the approval, consent, or vote of a lesser percentage.

b. *Procedures During Winding Up.* On commencement of dissolution proceedings either by election of all Shareholders or otherwise, the INCORPORATION will cease to carry on business except as necessary to wind up its business and distribute its assets. The Managing Shareholder will perform the following acts, as necessary, to wind up the affairs of the INCORPORATION:

Employ agents and attorneys to liquidate and wind up the affairs of the INCORPORATION;

Continue the business as necessary for the winding up of the affairs of the INCORPORATION;

Carry out contracts and collect, pay, compromise, and settle debts and claims for or against the INCORPORATION;

Defend suits brought against the INCORPORATION;

Sue, in the name of the INCORPORATION, for all sums due to the INCORPORATION or recover any of its property;

Collect any amounts owing on subscriptions to shares or recover unlawful distributions;

Sell at public or private sale, exchange, convey, or otherwise dispose of all or any part of the assets of the INCORPORATION for cash in an amount considered reasonable by the President, or his or her appointee(s); Make contracts and take any steps in the name of the INCORPORATION that are necessary or convenient in order to wind up the affairs of the INCORPORATION.

c. *Distribution of Assets on Dissolution.* The Managing Shareholder will apply the assets of the INCORPORATION in the following order:

To all debts and liabilities of the INCORPORATION in accordance with the law, including the expenses of dissolution and liquidation, but excluding any debts to a Shareholder;

To all senior debts to a Shareholder in accordance with the terms of any subordination agreement;

To the accrued and unpaid interest on unsubordinated debts to a Shareholder;

To the principal of unsubordinated debts to a Shareholder;
To undistributed net profits of the INCORPORATION, subject to the provisions of this Agreement;

To repayment of the purchase price of the shares of the INCORPORATION actually paid by each Shareholder; and, finally,

To the Shareholders in proportion to the number of shares of the INCORPORATION held by each.

`
``

d. *Certain Voting Requirements.* The consent of all Shareholders shall be required to approve any of the following actions by the Board, and each Shareholder hereby waives any right to the taking of any of such actions by approval, consent, or vote of a lesser percentage:
Amendment, repeal or alteration in any way of any provision of the Articles of Incorporation or Bylaws of the INCORPORATION;

## 5. Restrictions On Transfer.

a. *Restrictions on Transfer.* To accomplish the purposes of this Agreement, any transfer, sale, assignment, hypothecation, encumbrance, or alienation of any of the shares of the INCORPORATION, other than according to the terms of this Agreement is void and transfers no right, title, or interest in or to those shares to the purported transferee, buyer, assignee, pledgee, or encumbrance holder. Each Shareholder shall have the right to vote shares held of record and to receive dividends paid on them until the shares are sold or transferred in accordance with this Agreement.

b. *Permitted Transfers.* A Shareholder may transfer all or any part of his or her shares to: a spouse, ancestors or lineal descendants or the spouses of any of such persons, or to any trust solely for the benefit of the Shareholder or any of the foregoing persons, provided that each such permitted transferee shall first agree in writing to be bound by the terms and provisions of this Agreement. A Shareholder may also transfer all or any part of his or her shares if that transfer is approved in writing by a majority of the aggregate of the remaining, untransferred shares.

## 6. Noncompetition, Trade Secrets.

a. *Noncompetition.* Each Shareholder agrees that as long as he or she is the owner, or in control of, any of the INCORPORATION's shares, the Shareholder will not be employed, concerned, or financially interested, either directly or indirectly, in the same or a similar business as that conducted by the INCORPORATION, or compete with the INCORPORATION. Unless otherwise agreed to in writing by a majority of the remaining Shareholders, a departing Shareholder will not be employed, concerned, or financially interested, either directly or indirectly, in the same or a similar business as that conducted by the INCORPORATION, or compete with the INCORPORATION for a one-year period following the date the departing Shareholder conveys his or her shares if any customers of the same, similar, or competing business may be located within a 100 mile radius of the principal place of business of the INCORPORATION.

b. *Trade Secrets.* Each Shareholder acknowledges that the customer lists, potential customer lists, trade secrets, processes, methods, and technical information of the INCORPORATION and any

other matters designated by the written consent of all Shareholders are valuable assets. Unless he or she obtains the written consent of each of the other Shareholders, each Shareholder agrees never to disclose to any individual and organization, except in authorized connection with the business of the INCORPORATION, any customer list, or any name on that list, or any trade secret, process, or other matter referred to in this paragraph while the Shareholder holds, or has the control of, any shares of the INCORPORATION, or at any later time.

## 7. Termination and Amendment.

a. This Agreement shall remain in effect until all the Shareholders agree to termination in writing. Notwithstanding an original issuance of shares by the INCORPORATION to a new shareholder who does not become a party to this Agreement, this Agreement shall continue to the extent it is legally enforceable.

b. This Agreement may be amended only by a written agreement executed and delivered by each Shareholder.

## 8. Miscellaneous Provisions.

a. *Waiver of Law.* This Agreement does not alter or waive any provision of the Law except as expressly provided herein; provided, however, each Shareholder hereby expressly waives the provisions of the Law to the full extent permitted by the Law in order to uphold the provisions and validity of this Agreement and to cause this Agreement to be valid, binding, and enforceable in accordance with its terms upon each of the Shareholders and their respective transferees, successors and assigns.

b. *Notices.* Any notice under this Agreement shall be deemed sufficiently given by one party to another if in writing and if and when delivered or tendered either in person or by the deposit of it in the United States mail in a sealed envelope, registered or certified, with postage prepaid, addressed to the person to whom notice is being given at that person's address appearing on the records of the INCORPORATION or any other address as may have been given by that person to the INCORPORATION for the purposes of notice in accordance with this subsection. A notice not given as above shall, if it is in writing, be deemed given if and when actually received by the party to whom it is required or permitted to be given. It is the responsibility of each Shareholder to ensure that the INCORPORATION has the Shareholder's correct address to receive notice.

c. *Governing Law.* This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action to enforce this Agreement must be brought within the state whose laws govern this Agreement.

d. *Captions.* Captions to sections, subsections, and paragraphs in this Agreement are inserted for convenience only and shall not affect the construction or interpretation of this Agreement.

e. *Counterparts and Duplicate Originals.* This Agreement and all amendments may be executed in several counterparts and each counterpart shall constitute a duplicate original of the same instrument.

f. *Successors.* Anything in this Agreement to the contrary notwithstanding, any transferee, successor, holder, or assignee, whether voluntary, by operation of law, or otherwise, of the shares of the INCORPORATION shall be subject to and bound by this Agreement as fully as though a signatory.

g. *Severability.* Any provision prohibited by, unlawful or unenforceable under any applicable law of any jurisdiction shall as to that jurisdiction be ineffective without affecting any other provision of this Agreement. To the full extent, however, that the provisions of that applicable law may be waived, they are waived to the end that this Agreement be deemed to be a valid and binding agreement enforceable in accordance with its terms.

h. *Recovery of Expenses.* Except as provided in Section 7 with respect to alternative dispute resolution, if a dispute arises with respect to this Agreement, the prevailing party shall be entitled to recover all expenses, including, without limitation, reasonable attorneys' fees and expenses, incurred in ascertaining that party's rights, in preparing to enforce, or in enforcing that party's rights under this Agreement, whether or not it was necessary for that party to institute suit.

i. *Remedies.* The parties shall have all remedies for breach of this Agreement available to them provided by law or equity. Without limiting the generality of the foregoing, the parties agree that in addition to all other rights and remedies available at law or in equity, the parties shall be entitled to obtain specific performance of the obligations of each party to this Agreement and immediate injunctive relief and that in the event any action or proceeding is brought in equity to enforce the same, no Shareholder will urge, as a defense, that there is an adequate remedy at law.

j. *Third Parties.* Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any persons other than the parties to it and the INCORPORATION and their respective permitted transferees, successors, and assigns, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third persons to any party to this Agreement or to the INCORPORATION, nor shall any provision give any third person any right of subrogation or action over or against any party to this Agreement or the INCORPORATION.

k. *Time.* Time is of the essence of this Agreement.

l. *Filing of Agreement.* A copy of this Agreement, as amended from time to time, shall be filed with the Secretary of the INCORPORATION for inspection by any prospective purchaser of shares of the INCORPORATION.

## FRALEG KOSCIUSZKO CORP

This Shareholder Agreement is executed and agreed to by:

Dated: Feb, 8th, 2023

Managing Member
Andy Alege